McClellan, Appellant, *v.* Sitkin's Junk Co., Inc.

Argued May 22, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused August 8, 1968.

*R. Lee Ziegler*, with him *John B. Schaner*, for appellant.

*Bruce S. Nielsen*, with him *Robert Siegel*, and *Siegel and Siegel*, for appellees.

Opinion by Mr. Justice Musmanno, July 1, 1968:

On December 6, 1957, Arthur W. McClellan, tractor-trailer driver for Glen H. Brower, drove his vehicle to the premises of the Central Chemical Company at Hagerstown, Maryland, for the purpose of obtaining a load of scrap steel tanks. Brower was under contract to transport material for the defendant, Sitkin's Junk Co., Inc. David S. Bailey, an employee of the defendant, was engaged in operating a mobile crane which lifted the heavy tanks to the tractor-trailer. At Bailey's request, McClellan assisted Bailey in making connections to one of the tanks from a crane for the purpose of lifting the tank and turning it, to empty sludge lodged within it. Bailey then set the boom cable and the winch cable in motion and the tank began to turn and empty itself of its contents. In the meanwhile McClellan had withdrawn to a position 30 feet away from the tank. In the turning process of the tank, the winch hook and cable became unfastened, and, flying through the air, struck McClellan, inflicting serious injuries. McClellan brought suit against Sitkin's Junk Co., and, at the ensuing trial, the jury returned a verdict in his favor in the sum of $13,726.* The defendant moved for a new trial, which was granted by the court below, and the plaintiff has appealed.

At the trial, the plaintiff made use of a small toy model crane and miniature tanks for the purpose of enlightening the jury on the procedure followed in the hooking-up of the scrap tanks and turning them. The appellee, in seeking to uphold the new trial ordered by the court below, states that it was improper for

---

* Sitkin's Metal Trading, Inc., which had originally been listed as defendant, was stricken by stipulation of the parties.

the plaintiff to exhibit and operate this model crane and the toy tanks because, at the pre-trial conference, he did not state he would use such exhibits. However, at the trial the defendant made no mention of the lack of pre-trial notice. Its objection was based on the argument that the models were not precise replicas of the items which featured in the accident. The court overruled the objection, but did not allow the exhibits to go out with the jury. The court, in ordering a new trial, states that the jury could have been confused by the exhibits. The toy crane and toy tanks were, with the consent of defendant's counsel, brought into our courtroom at the time of the oral argument and we thus had opportunity to see them and note the manner in which they were operated. It is clear that the exhibits could not have confused anybody of normal intelligence. The model crane was simply a toy which any child of eight could operate, the tanks were simply little metal cylinders with a couple of knobs, representing domes.

The court below admits that "Pa. R.C.P. No. 212 relates to pre-trial conferences but is silent on the matter of exhibits." It then, however, goes on to say: "Fair disclosure at the pre-trial conference that counsel for plaintiff expected to or might introduce models at the trial would have taken the present case from the realm of surprise and maneuvering."

If the exhibits had been complicated mechanical devices there could possibly be some merit to the claim that the opposing side could be caught at a disadvantage in not knowing beforehand that intricate machines were to be used in court, but, as already indicated, the exhibits here were no more complex than teddy bears, and, absent any proof of deceit, their exhibition during the trial cannot be used as a reason for ordering the retrial of a simple issue which has

already waited too long for final resolution. **The accident** occurred 10 1/2 years ago, and the time is long past due for this litigation to reach a definitive termination.

At the trial the plaintiff called David S. Bailey, employee for the defendant, to testify. After he had testified, the defendant asked that his testimony be stricken from the record on the ground that the name of Bailey had not been supplied to the defendant as a witness expected to be called. The trial court refused the motion on the basis "that there were no interrogatories or depositions filed requesting the plaintiff to give the names of witnesses, and that there was no local rule of court governing the precise question."

The lower court, in its opinion ordering a new trial, made no reference to this point raised by the defendant and we see nothing in it which warrants any further lingering on the subject, except to mention it.

The defendant claims further that the court erred in its charge on the matter of "damages for delay in the payment of interest." The defendant took no exception to this portion of the charge, nor does the record suggest that the alleged error was of such a basic nature that it can be taken advantage of under a general exception.

The order of the court below is reversed with direction that judgment be entered on the verdict.

Mr. Justice Cohen concurs in the result.

Mr. Chief Justice Bell and Mr. Justice Jones dissent.